IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 15, 2002

## MICHAEL O. BROWN v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Lincoln County**
**No. S0000009     Charles Lee, Judge**

---

**No. M2001-00917-CCA-MR3-CD - Filed August 8, 2002**

---

JOSEPH M. TIPTON, J., concurring.

I agree with the results reached and most of the reasoning used in the majority opinion. I respectfully disagree, though, with its view of the trial court's limiting the issues raised by the petitioner. The majority opinion states that the record reflects that the petitioner abandoned issues that were not mentioned at the beginning of the hearing. The majority concludes that the trial court's request that his attorney define the issues in contention, the attorney's response, and the state's objection for lack of notice justified the trial court's sustaining the state's objection regarding the Jencks Act issue. I view neither the record nor the trial court's discretion to authorize the trial court's actions regarding this issue.

At the beginning of the hearing, noting that both parties waived opening statements, the trial court asked the parties, "Would you outline the issues as you perceive them to be based upon the petition that has been filed?" The petitioner's attorney generally noted that the issues related to the ineffective assistance of counsel and referred to his amended petition in order that he could "possibly cover those" issues. After reciting several, the attorney said that those were "basically the issues" to be raised. When asked whether those were the issues, the state's attorney said, "I think so, yes, sir." As the majority opinion notes, during the course of the hearing, the petitioner's attorney cross-examined trial counsel about several claims of ineffective assistance of counsel that were not mentioned at the beginning of the hearing, although alleged in the original petition for post-conviction relief. The only matter to which the state objected was the Jencks Act issue.

Given the circumstances, I cannot see how the petitioner's attorney was given reasonable notice that his comments at the beginning of the hearing would rigidly limit him in his issues or be deemed abandonment of the issues not mentioned. The tenor of the record is that the trial court's request was informational, made to both parties. The purpose of a post-conviction hearing is to air all legitimate claims. Pursuant to Rule 28 § 8(D)(4) and (5), Tenn. S. Ct. R., the hearing shall be based upon the issues raised in the petition, and even with an objection to evidence because it relates

to issues not raised in the pleadings, "the court may allow amendments and shall do so freely when the presentation of the merits of the cause will otherwise be subserved. The court shall liberally allow a continuance in the event an amendment is allowed to enable the objecting party to meet the evidence." I believe our supreme court intends for post-conviction claims to be fully aired, not limited by procedural technicality. No hint of improper harm to the state was indicated by allowing trial counsel to respond to the question asked.

On the other hand, the petitioner made no proffer of evidence relating to the Jencks Act issue. His brief certainly gives no clue of what he expected to prove. I do not believe that the petitioner has shown any prejudice from the trial court's actions. Therefore, I concur in the results.

_____
JOSEPH M. TIPTON, JUDGE